UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Kennedy J. Hyde,**

                         **Appellant,**

           -v-                                **6:11-CV-709 (NAM)**

**Tracy Hope Davis, Office of United States Trustee,**

                          **Respondent.**            **Bk. Adv. Case 11-80008-6**
                                                                                    **[Lead Bk. Case 08-62435]**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

Appearances:
Kennedy J. Hyde
Appellant, *pro se*

Tracy Hope Davis, Esq., Office of the U.S. Trustee
Erin Champion, Esq., Lead Attorney
10 Broad Street, Room 105
Utica, New York 13501

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

       In this *pro se* appeal from an order of Bankruptcy Judge Diane Davis in Bankruptcy Court Adversary Case No. 11-80008, appellant Kennedy J. Hyde has made the following motions: motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. No. 3); motion for appointment of counsel (Dkt. No. 4); and motion for preliminary injunction and temporary restraining order (Dkt. No. 5). On June 27, 2011, this Court signed an Order directing appellant to file and serve within 20 days either a designation of the record on appeal in compliance with Rule 8006 or a written explanation why the appeal should not be dismissed for noncompliance with Rule 8006. The Order further notified him that if he fails to comply or respond within 20 days, or if the Court finds that the offered explanation lacks merit, the appeal may be dismissed without further notice.

At this stage of the appeal, it would be premature to decide the IFP motion or the motion for appointment of counsel. Appellant has not yet responded to the June 27, 2011 Order, and the appeal may be dismissed if appellant fails to respond with either a designation of the record on appeal or a satisfactory written explanation why the appeal should not be dismissed. The Court observes that the Clerk does not require a filing fee for bankruptcy appeals; therefore, appellant is able to maintain this appeal regardless of whether he is afforded IFP status. Also, in the absence of a designated record on appeal and any indication of the basis for the appeal, the Court cannot evaluate factors relevant to a motion to appoint counsel, such as whether the appeal is frivolous, the nature of the factual and legal issues the claim presents, and whether appellant is able to represent himself adequately. The Court holds the motions to proceed IFP and for appointment of counsel in abeyance until the issues raised in the June 27, 2011 Order are resolved.

Turning to the motion for a preliminary injunction and temporary restraining order, the Court denies a temporary restraining order. The application, based on an alleged event occurring on February 18, 2011, does not allege any ongoing or imminent future conduct that would warrant injunctive relief at this point. As with the motions for IFP status and appointment of counsel, the preliminary injunction motion is held in abeyance until the issues raised in the June 27, 2011 Order are resolved.

It is therefore

ORDERED that a temporary restraining order is denied; and it is further

ORDERED the Court holds in abeyance the motions to proceed *in forma pauperis* (Dkt. No. 3), for appointment of counsel (Dkt. No. 4), and for a preliminary injunction (Dkt. No. 5) until the the issues raised in the June 27, 2011 Order are resolved; and it is further

ORDERED that **appellant is advised that these motions and this Memorandum-Decision and Order do not operate to extend his time to comply with this Court's June 27, 2011 order directing him to serve and file, within 20 days of that Order, either (1) a designation specifying each particular document to be included in the record on appeal in compliance with Rule 8006, or (2) a written explanation why the appeal should not be dismissed for noncompliance with Rule 8006**.

IT IS SO ORDERED.

Date:   July 8, 2011

_____
Norman A. Mordue
Chief United States District Court Judge