UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Kennedy J. Hyde,**

                       **Appellant,**

            **-v-**                                  **6:11-CV-709 (NAM)**

**Tracy Hope Davis, Office of United States Trustee,**

                                                      **Bk. Adv. Pro. No. 11-80008-6**
                       **Respondent.**            **Ch. 7 Bkr. Case No. 08-62435**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

Appearances:

Kennedy J. Hyde
Appellant, *pro se*

Office of the United States Trustee
Erin Champion, Esq., Assistant United States Trustee
10 Broad Street, Room 105
Utica, New York 13501
Attorney for Respondent

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this appeal from an order of bankruptcy court, respondent Tracy Hope Davis, the United States Trustee ("Trustee") for Region 2, moves (Dkt. No. 16) to dismiss for lack of jurisdiction under 28 U.S.C. § 158(a). The Court grants the motion and dismisses the appeal.

### BACKGROUND

On May 24, 2010, appellant Kennedy J. Hyde ("debtor") obtained a discharge in his Chapter 7 bankruptcy proceeding (Bkr. Case No. 08-62435). On February 2, 2011, the Trustee commenced the adversary proceeding underlying the instant appeal. In the adversary complaint

(Bkr. Adv. Pro. No. 11-80008-6, Dkt. No. 1), the Trustee seeks to revoke and deny the discharge pursuant to the Bankruptcy Code, 11 U.S.C. § 727(a)(2),(4); (d)(1),(2). The complaint alleges that when he filed the bankruptcy petition, the debtor concealed his possession and control of $50,000 in funds; that he transferred this sum to his sister-in-law during the course of the bankruptcy proceeding; and that the funds were returned to his possession and control after the discharge.

On February 15, 2011, the debtor moved to dismiss the adversary proceeding (Bkr. Adv. Pro. No. 11-80008-6, Dkt. No. 4). On May 25, 2011, United States Bankruptcy Judge Diane Davis issued an order (Bkr. Adv. Pro. No. 11-80008-6, Dkt. No. 23) denying the debtor's dismissal motion on the ground that the debtor failed to appear and prosecute the motion. The debtor's appeal (Bkr. Adv. Pro. No. 11-80008-6, Dkt. No. 24) from Judge Davis' order is now before this Court. The Trustee moves (Dkt. No. 16) to dismiss the appeal, contending that the challenged order is not a final, appealable order, and that there is no basis for the Court to grant discretionary interlocutory review. The Court agrees and grants the motion.

**DISCUSSION**

District courts have jurisdiction to review bankruptcy courts' final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a)(1). A "final" decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86 (2000). Manifestly, Judge Davis' order denying the debtor's motion to dismiss the adversary proceeding is not a final decision.

District courts also have discretionary jurisdiction to review bankruptcy courts' interlocutory orders. *See* 11 U.S.C. § 158(a)(3); *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003).

A party desiring review of an interlocutory bankruptcy court order may move in district court for leave to appeal. *See* 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8001(b); 8003(a). Here, the debtor did not move for leave to appeal; however, the Court treats his notice of appeal as a motion for leave to appeal. *See* Fed. R. Bankr. P. 8003(c). There is nothing in the record to indicate the presence of exceptional circumstances, nor is there any other ground for the Court to exercise its discretion to grant leave to appeal. The debtor is not entitled to interlocutory review. Accordingly, the appeal is dismissed.

## CONCLUSION

It is therefore

ORDERED that the Trustee's motion (Dkt. No. 16) to dismiss the appeal is granted; and it is further

ORDERED that the case is dismissed; and it is further

ORDERED that the Clerk shall serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   November 28, 2011

_____
Norman A. Mordue
Chief United States District Court Judge